UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SCHIRO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>CEMEX, S.A.B. de C.V., FERNANDO A. GONZÁLEZ OLIVIERI and JOSÉ ANTONIO GONZALEZ FLORES,<br><br>        Defendants. | **ECF CASE**<br><br>Civil Action No. 1:18-cv-02352<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE STATIONARY ENGINEERS
LOCAL 39 PENSION TRUST FUND'S MOTION FOR APPOINTMENT OF
<u>LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL</u>**

The Stationary Engineers Local 39 Pension Trust Fund ("Local 39") respectfully submits this Memorandum of Law pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, (the "PSLRA"), in support of its motion for the entry of an order: (i) appointing the Stationary Engineers Local 39 Pension Trust Fund as Lead Plaintiff pursuant to the PSLRA; (ii) approving Hach Rose Schirripa & Cheverie LLP ("HRS&C") as Lead Counsel for the Class (as defined below); and (iii) granting such other and further relief as the Court may deem just and proper.

## I.     INTRODUCTION

This case is a putative securities class action on behalf of purchasers of Cemex S.A.B de C.V. ("Cemex" or the "Company") American depositary receipts ("ADRs") during the August 14, 2014 to March 13, 2018 Class Period against defendants for purported violations of the Securities Exchange Act of 1934 (the "Exchange Act").  Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).  To that end, the Court is required to determine which person or group of persons moving for appointment as lead plaintiff has the "largest financial interest" in the relief sought by the class of purchasers and/or acquirers of Cemex ADRs in this litigation, and to ensure that such a movant also makes a prima facie showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Stationary Engineers Local 39 Pension Trust Fund – a sophisticated institutional investor that manages approximately $805 million in assets – respectfully submits that it should be appointed Lead Plaintiff by virtue of the significant losses they suffered on its investments in Cemex ADRs.  Local 39 satisfy all of the prerequisites for lead plaintiff appointment.  As set forth below, Local 39 incurred losses in excess of $206,154 on shares purchased during the putative

1

Class Period. Accordingly, Local 39 has a powerful economic interest in recovering their losses – an interest believed to be greater than that of any competing movant.

Local 39 also satisfy the typicality and adequacy requirements of Rule 23 because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Local 39's adequacy and ability to efficiently oversee this litigation is further evidenced by its certification, which set forth Local 39's transactions in Cemex ADRs.

The PSLRA's legislative history reflects that sophisticated institutional investors like Local 39 are precisely the type of lead plaintiff that Congress sought to empower and lead securities class actions with the enactment of the PSLRA. *See Reitan v. China Mobile Games & Entm't Group, Ltd,* 68 F. Supp. 3d 390, 399 (S.D.N.Y. 2014). In short, Local 39 is the "most adequate plaintiff" and should be appointed lead plaintiff.

Local 39 also respectfully requests that the Court approve its choice of Lead Counsel. Local 39's choice for lead counsel, Hach Rose Schirripa & Cheverie, is a nationally-recognized securities and consumer class action litigation firm that has recovered millions of dollars in damages for injured investors. HRS&C has extensive experience in class actions and securities litigation and is qualified to prosecute this case.

Local 39 should be appointed as lead plaintiff because: (1) it timely filed its Motion; (2) to its knowledge, it has the largest financial interest in the relief sought by the Class; and (3) it will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Local 39's selection of Hach Rose Schirripa & Cheverie as lead counsel for the Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

**II.    STATEMENT OF FACTS**

Cemex, founded in 1906, is a global buildings materials company that produces,

distributes, and markets cements, ready-mix concrete, aggregates and related building materials. Headquartered in San Pedro Gaza, Mexico, Cemex operates throughout the Americas, Europe, Africa, the Middle East and Asia. The Company's ADRs trade on the New York Stock Exchange ("NYSE") under the ticker symbol "CX."

The Class Period begins on August 14, 2014 when Cemex issued a press release announcing construction of a cement plant in Colombia. The Company's subsequently filed SEC reports all contain a written code of ethics, which state in relevant part, "we reject all forms of corruption." These publicly filed reports were later found to be materially false and/or misleading when on September 23, 2016, post-market, Cemex disclosed the Company's dismissal of two senior executives after an internal probe found that payments worth $20 million relating to a land deal in Colombia that had breached company protocols. On this news, Cemex's ADR price fell $0.17, or 2.28%, to close at $7.26 on September 26, 2016.

News of the Company's transgressions did not stop there. On December 9, 2016, Cemex disclosed receipt of a subpoena from the SEC seeking information about irregular payments made at the Company's Columbia unit. Then, on March 14, 2018, Cemex disclosed that the U.S. Department of Justice was investigating the Company over payments made by the Company related to the cement plant it is building in Colombia to determine whether any violations of federal bribery laws occurred. On this news, Cemex's ADR price fell again, this time $0.12, or 1.64%, to close at $7.21 on March 14, 2018.

Throughout the relevant Class Period, Cemex made false and/or misleading statements and/or failed to disclose that: (i) Cemex executives had engaged in an unlawful bribery scheme in connection with the Company's business dealings in Colombia; (ii) discovery of the foregoing conduct would likely subject the Company to heightened regulatory scrutiny and potential criminal

sanctions; and (iii) the Company lacked adequate internal controls over its financial reporting. As a result of Cemex's wrongful acts and omissions, individuals who purchased or otherwise acquired Cemex ADRs within the Class Period have suffered significant losses and damages.

### III. ARGUMENT

#### A. The Stationary Engineers Local 39 Pension Trust Fund Should Be Appointed Lead Plaintiff

The appointment of a lead plaintiff in securities class action suits is governed by the PSLRA. *See* 15 U.S.C. §78u-4. The PSLRA amended the Exchange Act to include Section 21D that, *inter alia*, sets forth a detailed procedure for selecting the lead plaintiff to oversee class actions brought under the federal securities laws.

Pursuant to the PSLRA, a court is to consider all motions made by class members within the sixty-day period prescribed by statute and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members ( . . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the "largest financial interest" in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon "***proof***" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such

4

plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

### 1. The Stationary Engineers Local 39 Pension Trust Fund is the "Most Adequate Plaintiff"

Local 39 respectfully submit that it is presumptively the "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any known movant, and satisfies Rule 23's typicality and adequacy requirements.

### 2. The Stationary Engineers Local 39 Pension Trust Fund's Motion is Timely

The notice published on March 15, 2018, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed lead plaintiff sixty days later. *See* Declaration of Frank R. Schirripa in Support of Motion to Appoint Lead Plaintiff and Approve Selection of Lead Counsel ("Schirripa Decl."), Ex. A. Because Local 39's motion is timely filed, it is entitled to be considered for appointment as lead plaintiff.

### 3. The Stationary Engineers Local 39 Pension Trust Fund Has the Largest Financial Interest in the Relief Sought by the Class

Local 39 has suffered substantial damages as a result of the Defendant's wrongful conduct. The goal of Congress in enacting this provision was to "empower investors" to "have the greater control over class action cases." *See* H.R. Rep. 104-369 (1995) (Conf. Rep.); 141 Cong. Rec. S17933-97, at S17956 (daily ed. Dec. 5, 1995).

Local 39 has a large financial interest in this litigation. As set forth more fully in the supporting Declaration of Frank R. Schirripa ("Schirripa Decl."), Local 39 expended approximately $819,362.75 to purchase 92,630 shares of Cemex ADRs and has suffered damages of approximately $206,154.01. *See* Local 39's Loss Analysis and Certification, Schirripa Decl.

Exs. B-C.  Local 39 is unaware of any other movant with a larger financial interest in the outcome of the Action.

Additionally, "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs."  *See Reitan*, 2014 WL 6491433, at *4 (collecting cases) (quoting *In re Gentiva Sec. Litig.,* 281 F.R.D 108, 113 (E.D.N.Y. 2012)); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D 95, 99-100 (S.D.N.Y. 2005); *see also* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class action will ultimately benefit shareholders and assist courts  by improving the quality of representation in securities class actions."); S. Rep. No. 104-98, at 10-11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'").

Moreover, the damages suffered by Local 39 and the claims against the Defendant are identical to those of the proposed class members and support the fact that the Local 39 is the most adequate movant to protect the interests of the class.  Accordingly, the Stationary Engineers Local 39 Pension Trust Fund is entitled to the legal presumption that it is the most adequate plaintiff.

### 4. The Stationary Engineers Local 39 Pension Trust Fund Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is

6

> impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing the lead plaintiff, a plaintiff must also "make a preliminary showing that it satisfies the typicality and adequacy requirements of [Rule] 23." *Lintz v. Agria Corp.*, No. 08 Civ. 3536 (WHP), 2008 WL 5191087, at *2 (S.D.N.Y. Dec. 3, 2008) (citation omitted).

### a. Local 39's Claims Are Typical of Those of the Class

Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. "The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Id.*

Here, Local 39's claims are typical, if not identical, to the claims of the members of the Class. As set forth above, like all members of the Class, the losses suffered by Local 39 resulted from Defendant's material misrepresentation and omissions that resulted in subsequent declines in the share price of Cemex ADRs. Thus, Local 39 satisfies the typicality requirement.

### b. Local 39 Will Fairly and Adequately Protect the Interest of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Further, the PSLRA directs the Court, in evaluating the adequacy of a proposed lead plaintiff, to limit its inquiry to the existence of any conflicts between the interests of the proposed representative and members of the class, and allows the lead plaintiff to retain

counsel of their choice to represent the Class "subject to the approval of the court", 15 U.S.C. §78u-4(a)(3)(B)(v).

"In considering the adequacy of a proposed lead plaintiff, a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *Id.* As set forth above, Local 39's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between its interests and those of the Class. Local 39 shares nearly identical, and certainly common, questions of law and fact with the members of the Class, and its claims are typical of the members of the Class. Local 39 understand the fiduciary duties owed by a lead plaintiff, is willing to oversee the vigorous prosecution of the Action and has pledged to "provid[e] testimony at deposition and trial, if necessary." *See* Local 39's Certification, Schirripa Decl. Ex. C-D. In addition, Local 39's experience in serving as lead plaintiff in securities related class will benefit the Class. For example, Local 39 served as a lead plaintiff and successfully prosecuted *In re Bank of New York Mellon Corp. Forex Litig,* No. 12 MD 2335 (S.D.N.Y), securing a $335 million settlement for the class. *See id.* Further, Local 39 has retained competent counsel to represent it in this case. Thus, the alignment of interests between the Local 39 and the Class and the skill of the Local 39's chosen counsel favor granting the instant motion.

### B. THE COURT SHOULD APPROVE LOCAL 39'S CHOICE OF COUNSEL AS LEAD COUNSEL

The PSLRA's amendments to the Exchange Act vest authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). A court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. 15 U.S.C. 78u-4(a)(B)(iii)(II)(aa). In the present case, Local 39 has retained Hach Rose Schirripa & Cheverie LLP as lead counsel to pursue this litigation on its behalf.

8

HRS&C is a nationally recognized class action law firm that has successfully litigated securities and consumer class actions in federal and state courts throughout the nation. *See* Schirripa Decl. Ex. D. Local 39's choice of lead counsel should not be disturbed, and this Court should approve its selection of Hach Rose Schirripa & Cheverie as Lead Counsel.

**IV.      CONCLUSION**

For all the foregoing reasons, the Stationary Engineers Local 39 Pension Trust Fund respectfully requests that the Court grant the instant motion and:

i)  appoint Local 39 as Lead Plaintiff in the above-captioned action pursuant to Section 21D(a)(3)(B)(i-iii) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(i-iii);

ii)  approve Local 39's choice of lead counsel and appoint Hach Rose Schirripa & Cheverie LLP as Lead Counsel pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v); and

(iii)  grant such other and further relief as the Court may deem just and proper.


Dated: May 15, 2018
       New York, New York

                                               Respectfully submitted,

                                               **HACH ROSE SCHIRRIPA & CHEVERIE LLP**

                                               By: */s/ Frank R. Schirripa*
                                               Frank R. Schirripa
                                               Daniel B. Rehns
                                               Kathryn A. Hettler
                                               112 Madison Ave, 10th Floor
                                               New York, NY 10016
                                               Telephone: (212) 213-8311
                                               Facsimile: (212) 779-0028
                                               fschirripa@hrsclaw.com
                                               drehns@hrsclaw.com
                                               kh@hrsclaw.com

*Counsel for Movant and Proposed*
*Lead Counsel for the Putative Class*

10

**CERTIFICATE OF SERVICE**

I, Daniel B. Rehns, hereby certify that on May 15, 2018, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Daniel B. Rehns*
Daniel B. Rehns
