# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTOPHER SCHIRO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CEMEX, S.A.B. DE C.V., FERNANDO A. GONZÁLEZ OLIVIERI AND JOSÉ ANTONIO GONZALEZ FLORES,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.: 1:18-cv-02352<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CARLOS LLANTADA AND RICHARD STORM, JR. FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL** |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ..............................................................................................2

ARGUMENT ...............................................................................................................3

      A.      LLANTADA AND STORM SHOULD BE APPOINTED LEAD
               PLAINTIFFS ................................................................................................3

            1.      Llantada and Storm are Willing to Serve as Class Representatives ............4

            2.      Llantada and Storm Have the "Largest Financial Interest" ........................4

            3.      Llantada and Storm Otherwise Satisfy the Requirements of Rule
                    23 of the Federal Rules of Civil Procedure ...................................................5

            4.      Llantada and Storm Will Fairly and Adequately Represent the
                    Interests of the Class and are Not Subject to Unique Defenses .................8

      B.      LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
               APPROVED ................................................................................................8

CONCLUSION.............................................................................................................9

i

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D. N.J. 2003)..................................................................5

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)..................................................................7

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994)..................................................................6

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006)..................................................................6, 7

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999)..................................................................6

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997)..................................................................6

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ..................................................................6

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ..................................................................6

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)..........................................5

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ......................................5

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ..................................................................5, 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 508 (E.D. Pa. 2004)..................................................................5

*Janovici v. DVI, Inc.*, No. 03-4795,
2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)......................................5

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)........................................................5

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..........................................................8

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986).................................................................................................7

## **<u>Statutes</u>**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................ *passim*

## **<u>Rules</u>**

Federal Rules of Civil Procedure Rule 23 ................................................................ *passim*

Federal Rules of Civil Procedure Rule 42 ...............................................................1, 6

Movants Carlos Llantada and Richard Storm, Jr. (together, "Llantada and Storm") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing Llantada and Storm as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired securities of Cemex, S.A.B. de C.V. ("Cemex" or the "Company") between August 14, 2014 and March 13, 2018, both dates inclusive (the "Class Period"); (2) approving Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Llantada and Storm, with losses of approximately $621,311 in connection with their purchases of Cemex securities during the Class Period, have the largest financial interest in the relief sought in this action. Llantada and Storm further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Llantada and Storm respectfully submit that they should be appointed Lead Plaintiffs.

## STATEMENT OF FACTS

Cemex S.A.B. de C.V. is a global building materials company that produces, distributes, and markets cement, ready-mix concrete, aggregates, and related building materials. Cemex operates throughout the Americas, Europe, Africa, the Middle East, and Asia.

Founded in 1906, the Company is headquartered in San Pedro Garza, Mexico, and its American depositary receipt ("ADR") trades on the New York Stock Exchange under the ticker symbol "CX."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Cemex executives had engaged in an unlawful bribery scheme in connection with the Company's business dealings in Colombia; (ii) discovery of the foregoing conduct would likely subject the Company to heightened regulatory scrutiny and potential criminal sanctions; (iii) the Company lacked adequate internal controls over financial reporting; and (iv) as a result, Cemex's public statements were materially false and misleading at all relevant times.

On September 23, 2016, post-market, Cemex disclosed the Company's dismissal of two senior executives after an internal probe found that payments worth $20 million relating to a land deal in Colombia had breached company protocols.

On this news, Cemex's American depositary receipt price fell $0.17, or 2.28%, to close at $7.26 on September 26, 2016.

On December 9, 2016, Cemex disclosed receipt of a subpoena from the SEC seeking information about irregular payments made at the Company's Colombia unit.

Then, on March 14, 2018, Cemex disclosed that the U.S. Department of Justice is investigating the Company over payments made by the Company related to a cement plant it is building in Colombia to determine whether any violations of federal bribery laws occurred.

On this news, Cemex's ADR price fell $0.12, or 1.64%, to close at $7.21 on March 14, 2018.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## **ARGUMENT**

### A.   **LLANTADA AND STORM SHOULD BE APPOINTED LEAD PLAINTIFFS**

Llantada and Storm should be appointed Lead Plaintiffs because they have the largest financial interest in the Action and otherwise meet the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to
> a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Llantada and Storm satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### 1.    Llantada and Storm are Willing to Serve as Class Representatives

On March 16, 2018, counsel for plaintiff in the above-captioned action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Cemex securities that they had 60 days—*i.e.*, until May 15, 2018—to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of Motion of Carlos Llantada and Richard Storm, Jr. for Appointment as Lead Plaintiffs and Approval of Counsel ("Lieberman Decl."), Ex. A.

Llantada and Storm have filed the instant motion pursuant to the Notice, and they have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. B. Accordingly, Llantada and Storm satisfy the first requirement to serve as Lead Plaintiffs of the Class.

### 2.    Llantada and Storm Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Llantada and Storm believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, Llantada and Storm (1) purchased 515,000 shares of Cemex securities; (2) expended $4,254,237 on their purchases of Cemex securities; (3) retained 105,000 of their Cemex ADRs; and (4) as a result of the disclosures of the fraud, suffered a loss of $621,311 in connection with their Class Period purchases of Cemex securities.  *See* Lieberman Decl., Ex. C.  Because Llantada and Storm possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Llantada and Storm Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

"otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

23(a) generally provides that a class action may proceed if the following four requirements are

satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the

Court need not raise its inquiry to the level required in ruling on a motion for class certification;

instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.

*Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and

adequacy of representation are the only provisions relevant to a determination of lead plaintiff

under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y.

1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v.

Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F.

Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named

representative's claims have the "same essential characteristics as the claims of the class at

large."  *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  In other words,

"the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus

suggesting that the incentives of the plaintiffs are aligned with those of the class."  *Beck v.

Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55

(3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises

from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Llantada and Storm are typical of those of the Class. Llantada and Storm allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. Llantada and Storm, as did all members of the Class, purchased Cemex securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Llantada and Storm are adequate representatives for the Class. There is no antagonism between the interests of Llantada and Storm and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Finally, Llantada and Storm have retained counsel highly experienced in vigorously and efficiently prosecuting securities

class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Llantada and Storm Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing Llantada and Storm as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Llantada and Storm to fairly and adequately represent the Class has been discussed above.  Llantada and Storm are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Llantada and Storm should be appointed Lead Plaintiffs for the Class.

### B. LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Llantada and Storm have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on

behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See* Lieberman Decl., Ex. D.  As a result of the firm's extensive experience in litigation involving issues similar to those raised in the Action, Llantada and Storm's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Llantada and Storm, the members of the class will receive the best legal representation available.

<u>**CONCLUSION**</u>

For the foregoing reasons, Llantada and Storm respectfully request that the Court issue an Order: (1) appointing Llantada and Storm as Lead Plaintiffs for the Class; (2) approving Pomerantz as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:  May 15, 2018                        Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
           ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603

9

Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movants*